| | | |
|---|---|---|
| **JIMMIE TURNER** | * | **NO. 2020-CA-0387** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **NEW ORLEANS POLICE DEPARTMENT** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 8853
\* \* \* \* \* \*
**JAMES F. MCKAY III
CHIEF JUDGE**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Edwin A. Lombard)

**LOVE, J., CONCURS IN PART; DISSENTS IN PART, AND ASSIGNS REASONS**

FRANK G. DESALVO
SHANNON R. BOURGEOIS
FRANK G. DESALVO, APLC
739 Baronne Street
New Orleans, Louisiana 70113
 COUNSEL FOR PLAINTIFF/APPELLANT

RENEE GOUDEAU
ASSISTANT CITY ATTORNEY
ELIZABETH S. ROBINS
DEPUTY CITY ATTORNEY
CHURITA H. HANSELL
CHIEF DEPUTY CITY ATTORNEY
DONESIA D. TURNER
SENIOR CHIEF CITY ATTORNEY
SUNNI J. LEBEOUF
CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, Louisiana 70112
 COUNSEL FOR DEFEDNANT/APPELLEE

**AFFIRMED IN PART; REVERSED IN PART AND RENDERED
MARCH 3, 2021**

**JFM**
**EAL**

Jimmie Turner was employed by the New Orleans Police Department (NOPD) as a police lieutenant with permanent status. In an October 17, 2018 Disciplinary Letter, the NOPD suspended and then demoted Mr. Turner to a police sergeant classification after finding that he violated Policy 328 entitled "Workplace Discriminatory Harassment/Retaliation."[1] The investigation and subsequent disciplinary action arose from a complaint lodged by Sergeant Peter Hansche with the Public Integrity Bureau on or about January 29, 2017.

At the time of the complaint, Mr. Turner was Sgt. Hansche's immediate supervisor in the Homicide Unit of the Investigation Services Bureau of the NOPD. Sgt. Hansche supervised a platoon of NOPD homicide detectives. The investigation prompted by Sgt. Hansche's complaint resulted in the finding of two incidences that the NOPD concluded violated different paragraphs of Policy 328.

---

[1] NOPD Policy Manual Policy 328.1 provides as follows:
**Workplace Discriminatory Harassment/Retaliation**
328.1 PURPOSE AND SCOPE  The purpose of this policy is to prevent Department members from being subjected to discrimination or sexual harassment. Nothing in this policy is intended to create a legal duty that is not created by law.

Sgt. Hansche's complaint, as described in the October 17, 2018 Disciplinary Letter, directed to Mr. Turner, provided:

> The Complainant, Sgt. Peter Hansche, a white male documented an eight (8) page typed statement regarding a complaint against you, a black male, Lt. Commander in charge of the Homicide Unit. The complainant alleged that you created an environment of threats, fear and subtle domination. He alleged you made comments that Sgt. Hansche and other employees of the Homicide Unit were homosexuals, and your behavior made the work environment hostile and uncomfortable. Your comments regarding Sgt. Hansche's friendships with other members of the Homicide Unit were vulgar, discourteous, and unprofessional. Most significant, there has been instances of uninvited and unwanted touching by you. Your actions caused Sgt. Hansche to feel embarrassed and shocked. Sgt. Hansche did not perceive your actions as lighthearted jokes. Instead, the incidents impressed on Sgt. Hansche that you were dominant, and he was unable to stop your behavior. Sgt. Hansche stated he did not express to you that your comments and touching were uncomfortable. Sgt. Hansche also did not report the incidents to a supervisor. Sgt. Hansche provided examples of incidents which he felt were inappropriate.

After Sgt. Hansche's submission of the above referenced complaint on December 27, 2017, a formal misconduct investigation was opened against Mr. Turner during which members of the Homicide Unit were interviewed. On October 16, 2018, a NOPD Disciplinary Committee Hearing Panel met and found that Mr. Turner violated NOPD Policy 328, entitled "Discriminatory Harassment /Retaliation." Mr. Turner's specific violations of Policy 328 consisted of the following:

> 1. Making inappropriate comments to Hansche and Marc Amos about their sexual preference;
> 2. Making direct statements to Hansche and Detective Tommy Ripp ridiculing them and implying they were lovers'
> 3. Making a statement to Detective Bruce Brueggeman that Turner was thinking about him while Turner was touching himself in the shower;
> 4. Asking Tanisha Sykes, "so you sleeping with him?"
> 5. Asking Karen Barbaro who was using the copy machine. In response to her statement that she did not know, Turner stated "it was a black person – I bet I know who it was."

For each of the above offenses, the NOPD imposed a five (5) day suspension for a total of twenty-five (25) days, and demoted Mr. Turner to sergeant based upon:

1. Approaching Hansche from behind and kissing him on the top of the head;
2. Turner placing his hands on Bruce Brueggeman's neck and started massaging him saying "you going to give [Turner] a ride on [Brueggeman's] motorcycle;"
3. Embracing Hansche from behind.

After Mr. Turner was demoted to the rank of sergeant and had served his suspension days, he filed an appeal with the New Orleans Civil Service Commission pursuant to the Louisiana Constitution Article X, § 8(A) and the Civil Service Commission's Rule II, § 4.1, seeking relief from the discipline imposed by the NOPD.

On February 5 and 6, 2019, a hearing took place before a Civil Service Commission hearing officer. During the hearing, Sgt. Hansche testified about a number of Mr. Turner's inappropriate comments and actions mentioned above. However, Sgt. Hansche admitted that Mr. Turner never threatened him with violence, physical retaliation or physical danger, nor could he point to any actions taken by Mr. Turner that were taken because Mr. Turner disliked Sgt. Hansche and all of Mr. Turner's evaluations of Sgt. Hanshe were "pretty good." While Sgt. Hansche did not believe that Mr. Turner's actions were sexual, he did believe that his actions and comments were sexual because they could have been interpreted that way by others. Det. Brueggeman also testified that he found Mr. Turner's behavior to be annoying, but not sexual or because he was a man. Neither Sgt. Hansche, nor Det. Brueggeman reported Mr. Turner's behavior to their commanding officer, Commander Douglas Eckert.

3

On August 25, 2019, Hearing Officer Jay Ginsberg issued a report, finding that the NOPD failed to meet its burden of proof, and recommending that Mr. Turner's appeal be granted with the NOPD ordered to reinstate Mr. Turner to his position as police lieutenant with all lost pay from demotion and the return to Mr. Turner of the twenty-five (25) days of back-pay with all emoluments of employment. On December 10, 2019, Commissioner's Michelle D. Craig, Clifton Moore, Jr. and Mark Suprenant denied Mr. Turner's appeal after reviewing the transcript and exhibits from the hearing as well as the hearing examiner's report. It is from this judgment that Mr. Turner now appeals to this Court.

On appeal, Mr. Turner presents the following issue for review. Pursuant to Uniform Local Rule 3-1.1, the Civil Service Commission's decision of December 10, 2019 was in error because: (1) Mr. Turner was not disciplined for cause as required by the Louisiana Constitution, Article X, Section 8; (2) the behavior complained of did not bear a real and substantial relationship to a negative impact of the efficiency of public service; and (3) the penalty assessed against Jimmie Turner was not commensurate with the offense.

An employee with permanent status in the classified city service may only be terminated, or otherwise subjected to disciplinary action, in writing and for good cause. La. Const. art. X, § 8(a); *Walters v. Dept. of Police of New Orleans*, 454 So.2d 106, 113 (La. 1984). Good cause for the dismissal of such a person includes conduct prejudicial to the public service involved or detrimental to its efficient operation. *Id.* The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the

4

efficient operation of the appointing authority. *Cittadino v. Dept. of Police*, 585 So.2d 1311, 1315 (La.App. 4 Cir. 1990).

The burden of proof on appeal to the City Civil Service Commission shall be on the appointing authority. *Walters v. Dept. of Police of New Orleans*, 454 So.2d at 112-113. The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court, and this Court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12(b); *Walters*, 454 So.2d at 114. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this Court should not modify the Commission's order unless it was arbitrary, capricious, or characterized by an abuse of discretion. *Walters*, 454 So.2d at 114. A decision by the City Civil Service Commission is "arbitrary or capricious" if there is no rational basis for the action taken by the Commission. *Bannister v. Dept. of Streets*, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.

In the instant case, two types of discipline were imposed on Mr. Turner. He was given five five-day suspensions for five certain acts or instances and demoted from police lieutenant to police sergeant for three other acts or instances.

First, we will address the five five-day suspensions imposed on Mr. Turner. Each of these instances involved Mr. Turner making inappropriate comments of a sexual or racial nature to other employees of the New Orleans Police Department. We agree with the Commission that the appointing authority carried its burden of proving by a preponderance of the evidence that the complained of activity occurred, and such activity bore a real and substantial relationship to the efficient operation of the police department. We also agree that the disciplinary action

5

imposed was based on good cause and the punishment was commensurate with the infraction.

Secondly, we will address the three incidents/actions that resulted in Mr. Turner's demotion from Police Lieutenant to Police Sergeant. These incidents/actions included: (1) approaching Sgt. Hansche from behind and kissing him on top of his head; (2) placing his hands on Det. Brueggeman's neck and and start massaging him; and (3) embracing Sgt. Hansche from behind. We agree with the Commission that the appointing authority carried its burden of proving by a preponderance of the evidence that the complained of activity occurred, and such activity bore a real and substantial relationship to the efficient operation of the police department. However, there is some question as to whether the disciplinary action imposed was based on good cause and was commensurate with the infraction.

Sgt. Hansche conceded during cross-examination that Mr. Turner never "manhandled" him or "anything in an improper way" or threatened him with violence, physical retaliation or physical danger. Sgt. Hansche also admitted that he never reported any of the complained of incidents to Commander Eckert. Further, Sgt. Hansche could not point to any actions taken by Mr. Turner that were taken because Mr. Turner disliked Sgt. Hansche and all of Mr. Turner's evaluations of Sgt. were "pretty good." Sgt. Hansche admitted that he did not consider Mr. Turner's actions towards him sexual because of his gender, but rather characterized Mr. Turner as a bully. Det. Brueggeman also found Mr. Turner's behavior to be annoying, but not sexual or because Brueggeman was a man.

While we believe that the actions described above did take place and that they bore a real and substantial relationship to the efficient operation of the

appointing authority, we do not believe that the disciplinary action imposed was commensurate with the infraction. The three incidents for which Mr. Turner was demoted from police lieutenant to police sergeant do not seem that dissimilar from those incidents for which Mr. Turner was given five-day suspensions. Therefore, rather than having demoted Mr. Turner, the police department should have ordered him to serve three additional five-day suspensions. Accordingly, the Civil Service Commission erred in not granting his appeal in part.

For the above and foregoing reasons, we affirm in part the judgment of the Civil Service Commission regarding the five five-day suspensions given to Mr. Turner by the New Orleans Police Department. However, we reverse in part and vacate that portion of the Civil Service Commission's judgment that denied Mr. Turner's appeal regarding his demotion. We order that his rank of police lieutenant be restored and any back pay or other emoluments lost by his demotion in rank be restored. We also now order and impose on Mr. Turner three additional five-day suspensions as described above.

**AFFIRMED IN PART; REVERSED IN PART AND RENDERED**